# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. FARRIES, SR., <br><br>             Plaintiff, <br><br>      v. <br><br> SCHWARZENEGGER, et. al., <br><br>             Defendants. | CV F   04 5319 REC SMS P <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND <br><br> (Doc. 1.) <br><br> ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK FORMS |

Richard G. Farries, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The instant action was filed on January 27, 2004, in the U.S. District Court for the Northern District of California. The case was subsequently transferred and received in this Court on February 20, 2004. Plaintiff names Governor Schwarzenegger, the Director of Corrections, John Doe, Edger Castillon, Health Care Manager F. Salama, Dr. Snow and Dr. Kumar as Defendants. Plaintiff contends that his rights under the Eighth Amendment, the Due Process Clause, the Americans with Disabilities Act, and the state law claim of negligence were violated.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff states that in August of 2001, he was transferred from Sierra Conservation Center James town to the California Substance Abuse and Treatment Center (CSATF) at Corcoran State Prison for a Disability Placement Program (DPP). (Complaint at 3.) Plaintiff states that prior to this transfer, he was medically unassigned. However, when he arrived at CSATF, he was placed on a with list to work and was ultimately assigned work as a Painter. Id. at ¶ 2. When Plaintiff could not perform his work duties, he was referred to the clinic where Dr. Snow examined him. Dr. Snow placed her hand on my knee and declared that Plaintiff was "healed." Id. Plaintiff alleges that Dr. Snow did not review his medical file but instead indicated that nothing was wrong with his leg. Id. at ¶ 3. In addition, Dr. Snow confiscated Plaintiff's cane and rescinded his previously issued chronos for a lower bunk and cane. Id. at ¶¶ 4, 5. As a result, Plaintiff had to walk without a cane over more than a month which caused him

pain. Id. at ¶ 6. Plaintiff filed a request for accommodation under the ADA. Id.

On October 19, 2001, Dr. Kumar, in responding to Plaintiff's request for accommodation, indicated that Plaintiff's knee showed signs of a torn ligament and he ordered a cane and put Plaintiff on mobility impaired status for ninety (90) Days. Id. at ¶ 9. Dr. Kumar, however, did not issue Plaintiff a cane immediately and Plaintiff did not receive a cane for over ten (10) days. Id. Plaintiff complains that time limits have been broker by the CDC and appeals coordinator in violation of his rights.

**C. CLAIMS FOR RELIEF**

*1. Eighth Amendment*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

3

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In this case, Plaintiff alleges that Dr. Snow's comment that Plaintiff was "healed" constituted deliberate indifference.  However, the mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, Plaintiff does not state a cognizable claim for relief against Dr. Snow for her comment that Plaintiff was "healed."

Plaintiff also alleges that Dr. Snow was deliberately indifferent because she did not examine his medical file.  As noted above, in order to demonstrate an Eighth Amendment violation, Plaintiff must show that the defendant knew of and disregarded a serious risk to his health.  Plaintiff fails to demonstrate how Dr. Snow's failure to examine his medical file constitutes deliberate indifference.  Accordingly, Plaintiff does not allege facts sufficient to state a cognizable claim for relief against Dr. Snow under the Eight Amendment for her failure to examine his medical file.

Plaintiff next alleges that Dr. Snow was deliberately indifferent and a breach of duty because she arrived at the conclusion that there was nothing wrong with Plaintiff's leg.[1] However, mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Toguchi, 391 F.3d 1051 (9th Cir. 2004.)  A "difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegation that Dr. Snow was deliberately indifferent to Plaintiff's medical needs because she rescinded his medical Chrono's is also a disagreement with her diagnosis and

---

[1] The Court will address Plaintiff's allegation regarding a breach of duty by Dr. Snow below.

4

treatment and thus, does not support a claim of deliberate indifference.

Plaintiff next alleges that Dr. Kumar was deliberately indifference because although he concluded that Plaintiff could use a cane, and ordered one for him, he did not give him one right away. Plaintiff, however, does not allege sufficient facts to demonstrate that Dr. Kumar knew of and disregarded a serious risk to Plaintiff's medical needs. Plaintiff concedes that Dr. Kumar examined him, determined that he needed a cane, ordered one for him and placed him on mobility impaired status for a period of ninety days. However, Plaintiff fails to show how the delay in receiving the cane for ten days exacerbated his condition and that Dr. Kumar knew this and consciously disregarded that risk. The "mere delay of [medical treatment], without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nevada Bd. of State of Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985).

### 2. American's With Disabilities Act ("ADA")

Title II of the ADA prohibits public entities from discriminating on the basis of disability.42 U.S.C. § 12132. To state a disability discrimination claim, a plaintiff must allege the following: (1) the plaintiff is a qualified individual with a disability; (2) otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities; (3) who was excluded or otherwise discriminated against by the public entity; (4) solely by reason of the disability. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.2002)

Here, Plaintiff's allegations that his rights under the ADA were violated are based on the fact that he, like all inmates, was required to participate in a work program until Doctor's ordered him placed on mobility impaired status. In addition, Plaintiff's allegations that Dr. Snow's decision to rescind the chronos for the cane and lower bunk were in violation of the ADA. However, these allegations do not support a claim for relief under the ADA. As noted above, to establish ADA and RA claim a plaintiff must show he suffered intentional discrimination due to a disability. see, also, Duvall v. County of Kitsap, 260 F.3d 1124, 1138-40 (9th Cir.2001). The ADA does not provide a cause of action for any wrong done to an inmate simply because he is disabled, it provides for a cause of action for discrimination based on the fact that the person is disabled. Accordingly, the Court finds that Plaintiff does not allege facts sufficient to state a

cognizable claim for relief under the ADA.

### 3. Appeals Process

Plaintiff next alleges that the time limits for the appeals process were frequently "broken" in violation of his Due Process Rights.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. However, there is no constitutional right to a prison administrative appeal or grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); *accord* Wolff v. McDonnell, 418 U.S. 539, 565, 94 S.Ct. 2963 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). The California Code of Regulations, Title 15, Section 3084 grants prisoners in the state prisons a purely procedural right to bring an appeal. The regulations basically require the establishment of a procedural structure for reviewing prisoner complaints but set forth no substantive standards. Instead, they provide for flexible time limits, see Cal.Code Regs. tit. 15, § 3084.6, and the general protection that "no reprisal shall be taken against an inmate or parolee for filing an appeal," Id. § 3084.1(d). As noted, a provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993); see also Antonelli, 81 F.3d at 1430 (holding prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (same). Accordingly, a prison official's failure to process grievances or delay in processing them, without more, is not actionable under § 1983. See Buckley, 997 F.2d at 495.

### 4. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, although Plaintiff names Governor Schwarzenegger, the Director of Corrections, Edger Castillon and Health Care Manager F. Salama as Defendants, Plaintiff fails to link any of these individuals to an act or omission giving rise to a violation of his federal rights.  Accordingly, these individuals must be dismissed from the action.

**D.  CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Amended Complaint must specifically state how each defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL;

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   May 12, 2005**              **/s/ Sandra M. Snyder**
icido3                                 UNITED STATES MAGISTRATE JUDGE